### ELLA FRANCIS v. THE STATE.

No. 190.    Decided December 22, 1909.

Rehearing denied January 12, 1910.

**1.—Perjury—Continuance—Cumulative Testimony.**

Upon trial for perjury, where it appeared that the attendance of the absent witnesses could not be procured, and that their testimony was entirely cumulative, there was no error in overruling defendant's motion for continuance.

**2.—Same—Indictment—Materiality of Testimony.**

Where, upon trial for perjury, the indictment alleged that the testimony was material upon which the perjury was based, there was no error in not quashing same on this ground.

**3.—Same—Indictment.**

Where, upon trial for perjury, the indictment alleged that the grand jury were investigating questions as to whether certain parties unlawfully carried arms, etc., to which the alleged false testimony related, there was no error in overruling a motion to quash on this ground.

**4.—Same—Charge of Court—Immaterial Issues.**

Where, upon trial for perjury, the indictment alleged that defendant swore falsely as to not being present at the time and place that it is alleged certain parties did some shooting, there was no error in the court's refusal to submit a special charge involving other matters not pertinent to the issue.

**5.—Same—Misconduct of Jury.—Separation.**

Where, upon motion for new trial upon a conviction of perjury, the facts as to the separation of the jury were submitted *pro* and *con* to the court, and overruled, there was no error.

Appeal from the District Court of Smith. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. H. Hanson* and *Sawnie Robertson,* for appellant.—On question of court's refusal of defendant's requested charge: Henderson v. State, 5 Texas Crim. App., 134; Summers v. State, 5 Texas Crim. App., 365; Pocket v. State, 5 Texas Crim. App., 552; Banks v. State, 7 Texas Crim. App., 591.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—This is a conviction for perjury, the punishment being assessed at two years confinement in the penitentiary.

Appellant presented to the court a second application for continuance. The record shows that various subpoenas were issued to different counties for witnesses who were not found and the court certifies that the attendance of said witnesses can never be procured at any time. All the witnesses were negroes and the testimony appears to be entirely cumulative of evidence introduced upon the trial. We, therefore, hold that the application is without merit and the court did not err in overruling the application.

The second assignment of error relied upon in appellant's brief is that the indictment fails to show or allege that the matters before the grand jury at the time it is alleged that appellant gave false testimony was a material inquiry. Appellant is mistaken in this contention, since the indictment very clearly makes the statement.

The third assignment of error relied upon by the appellant in his brief is that the indictment is defective because same does not show that the matter or matters under investigation by the grand jury at the time defendant is alleged to have committed perjury, were violative of the laws of the State of Texas. This is not correct since the indictment, among other things, charges that they were investigating questions as to whether certain parties unlawfully carried on or about their person or persons a pistol or pistols, and that the defendant was at the said Spreeceley's house where the pistols were seen and stated she was not there. We have carefully read the indictment and must say the same is sufficient.

The fifth error assigned is that the court erred in failing to give the following special charge: "You are further charged at the re-

quest of the defendant that unless you find beyond a reasonable doubt that the parties, Anderson Moore and Rich McCullough, or either of them, carried on or about their person or persons a pistol or pistols and discharged them or rudely displayed them in a public place or at the private house, to wit: Will Spreeceley's, in said county in a manner calculated to disturb the inhabitants of said public place, if you shall so find, or the inhabitants of said private house, if you shall so find, you must acquit the defendant, even though you may find someone shot or discharged a pistol, and in case you should find that a pistol was carried in violation of the penal laws of this State or that someone rudely displayed a deadly weapon at the time and place in question, but if you have a reasonable doubt that Anderson Moore and Rich McCullough or either of them did so, or that this defendant knew the same to be true or have a reasonable doubt thereof you must acquit." This was not the question for which appellant was being tried. He was being tried for swearing falsely as to being present at the time and place that it is alleged in the indictment that the parties did some shooting, and the court did not err in refusing the charge.

Appellant further complains that the jury separated during their deliberations. The evidence on this question pro and con was submitted to the court upon a hearing of the motion for a new trial and the facts disclosed by this record clearly show that there was no separation of the jury. The charge of the court is in all respects correct and finding no error in this record the judgment is affirmed.

*Affirmed.*